■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SEWALL, Appellant.—Judgment unanimously affirmed (see *People v Conrad,* 54 AD2d 777). (Appeal from judgment of Onondaga County Court—burglary, third degree.) Present—Marsh, P. J., Dillon, Hancock, Denman and Witmer, JJ.

■ In the Matter of FRANK H. HISCOCK LEGAL AID SOCIETY, Appellant, v CITY OF SYRACUSE, Respondent.—Appeal unanimously dismissed as moot, without costs. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Dillon, Hancock, Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ARTHUR ROBINSON, Appellant.—Appeal unanimously dismissed as moot, defendant having served his sentence. (Appeal from adjudication of Monroe County Court—youthful offender.) Present—Cardamone, J. P., Simons, Dillon, Hancock and Denman, JJ.

■ In the Matter of FRANK J. VALENTI, Petitioner, v DONALD J. MARK, as Monroe County Judge, et al., Respondents.—Motion unanimously granted and petition dismissed, without costs. Memorandum: Petitioner has applied for an order pursuant to CPLR article 78 prohibiting respondents Hon. Donald Mark, Monroe County Court Judge, and Lawrence Kurlander, District Attorney of the County of Monroe, from proceeding to trial on certain pending indictments and ordering dismissal of those indictments on the ground that his rights under CPL article 580 have been violated by reason of the failure to proceed with the disposition of those indictments within the time limits set forth in articles III and IV of the Agreement on Detainers. The threshold question which must be considered is whether petitioner is entitled to use the extraordinary remedy of a writ of prohibition. We conclude that he is not. The Court of Appeals has consistently held that an article 78 proceeding for a judgment prohibiting the District Attorney and the Judge of the County Court from proceeding on an indictment will not lie where it is claimed that the defendant has been denied his right to a speedy trial—whether that claim is based on statutory or constitutional grounds. *(Matter of Lopez v Justices of Supreme Ct. of N. Y. County,* 36 NY2d 949; *Matter of Scranton v Supreme Ct. of State of N. Y.,* 36 NY2d 704; *Matter of Watts v Supreme Ct. of State of N. Y. Criminal Term, County of Tioga,* 28 NY2d 714; *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, 437, cert den 404 US 823; *Matter of Blake v Hogan,* 25 NY2d 747.) Such a claim involves "errors of substantive or procedural law * * * not cognizable by way of prohibition" and must be reviewed, if at all, on an appeal in the criminal action *(La Rocca v Lane,* 37 NY2d 575, 580, cert den 424 US 968). (Art 78.) Present—Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.