[627 NYS2d 480]

In the Matter of DAVID CUMMINGS et al., Petitioners, v G. OLIVER KOPPELL, as Attorney-General of the State of New York, et al., Respondents.

Third Department, June 8, 1995

APPEARANCES OF COUNSEL

*Charles A. Gardner,* Gouverneur, for David Cummings, petitioner.

*Mary J. Fahey,* Syracuse, for Mariano Pistolesi, petitioner.

*Gary W. Miles,* Syracuse, for Mark Hartle, petitioner.

*Michael J. Vavonese,* Syracuse, for Gregory Streeter, petitioner.

*Jerome J. Richards,* Ogdensburg, for Michael Curcio, petitioner.

*Dennis C. Vacco, Attorney-General,* New York City *(Christine Duisin* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

Petitioners were indicted in St. Lawrence County in April 1992 for a single count of rape in the first degree as a result of their alleged October 26, 1991 participation in the gang rape of a woman who was incapable of giving consent because she was intoxicated to the point of unconsciousness. Following unsuccessful motions to dismiss the indictment for legal insufficiency and motions by four of the petitioners to suppress inculpatory statements to the police (only petitioner Mariano

Pistolesi was successful in this effort), in April 1993, approximately one week prior to the scheduled trial of petitioner David Cummings, the District Attorney indicated the People's willingness to permit each petitioner to satisfy the charge against him with a plea of guilty in a local criminal court to a charge of sexual misconduct, in violation of Penal Law § 130.20 (1). Petitioners each accepted the offer, and on June 5, 1993 they were each arraigned on and entered a plea of guilty to an information charging the agreed misdemeanor. The penalty imposed by Town Court was a $750 fine for each petitioner except Pistolesi, who was also sentenced to 200 hours of community service. Consistent with the District Attorney's offer, the People then moved in County Court to dismiss the indictment pending against petitioners. County Court summarily granted the motion and dismissed the indictment.

Upon the request of the Governor, the State Temporary Commission of Investigation conducted an inquiry into the facts and circumstances surrounding the incident and the ensuing prosecution by the District Attorney and ultimately recommended the appointment of a Special Prosecutor. On February 17, 1994, the Governor issued an Executive Order (No. 180 [9 NYCRR 4.180]) requiring respondent Attorney-General (hereinafter respondent) to supersede the District Attorney with respect to petitioners' case. By motion dated March 18, 1994, respondent, in his capacity as Special Prosecutor, moved for an order vacating the order dismissing the indictment. Over petitioners' objection, Supreme Court granted the motion and reinstated the indictment (*People v Cummings,* 159 Misc 2d 1118). Petitioners then brought this CPLR article 78 proceeding seeking to prohibit their further prosecution on any charges arising out of the October 26, 1991 incident and to stay all proceedings in that regard. On respondent's consent, the proceedings have been stayed pending our determination of petitioners' application.

Petitioners premise their application in large measure upon the now well-settled legal principle that "[a]fter sentence has commenced, a court which has accepted a plea in violation of the Criminal Procedure Law may not vacate the illegal plea and reinstate the original charges" (*Matter of Campbell v Pesce,* 60 NY2d 165, 167; *see, People v Moquin,* 77 NY2d 449; *Matter of Kisloff v Covington,* 73 NY2d 445). Thus, the argument follows, the fact that the individual petitioners, charged with the class B violent felony offense of rape in the first

degree *(see,* Penal Law § 70.02 [1] [a]; § 130.35 [2]), were required to dispose of the indictment with a plea of guilty to at least a class D violent felony offense *(see,* CPL 220.10 [5] [d] [ii]) is irrelevant. Because petitioners had already entered their illegal pleas and been sentenced thereon, petitioners assert that the court lacked authority to vacate the pleas, and the prohibition against double jeopardy barred prosecution of additional charges arising out of the incident *(see, People v Moquin, supra,* at 454-455; *Matter of Kisloff v Covington, supra,* at 449; *Matter of Rush v Mordue,* 68 NY2d 348, 354; *Matter of Campbell v Pesce, supra,* at 169). Clearly, if petitioners' pleas were only illegal, they would be correct in their analysis and we would have no choice but to grant the petition.

■ However, the procedure employed in this case transcended mere illegality. As contended by respondent and properly concluded by Supreme Court, petitioners' illegal pleas were entered in a court that was wholly without jurisdiction over the subject matter of the action. As such, the pleas and resulting convictions were a nullity and did not constitute a "previous prosecution" for double jeopardy purposes (CPL 40.30 [2] [a]; *see, People v Brancoccio,* 83 NY2d 638, 641). Under the CPL, a local criminal court's "preliminary jurisdiction" over an offense is "subject to divestiture" in any given case by "the superior courts and their grand juries" (CPL 10.30 [2]). Accordingly, "the jurisdiction of a local criminal court is automatically overridden by action of a grand jury or a superior court" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 10.30, at 83).

Although there can be no dispute that in the usual case, where a prosecution is initiated by the filing of a local criminal court accusatory instrument, the District Attorney's presentment of the matter to a Grand Jury divests the local criminal court of jurisdiction over the matter *(see,* CPL 10.30 [2]; 170.20 [1]; 180.80 [2]; *People v Brancoccio, supra; Matter of Molea v Marasco,* 64 NY2d 718, 723 [dissenting mem of Simons, J.]; *Matter of Moss v Vaughn,* 164 AD2d 958), in this case, petitioners argue, such a divestiture was prevented by the District Attorney's decision to present the matter to a Grand Jury in the first instance. We are not at all persuaded. Because the right to indictment by a Grand Jury is a " 'public fundamental right,' which is the basis of jurisdiction to try and punish an individual" *(People v Boston,* 75 NY2d 585, 587, quoting *Matter of Simonson v Cahn,* 27 NY2d 1, 3), the filing

of an indictment bars prosecution, by any other means in any State court, of any offense arising out of the same criminal transaction, except to the extent permitted by CPL 40.20 (2) (a) through (h) (see, People v Boston, supra; People v Banville, 134 AD2d 116; People v Cook, 93 AD2d 942; see also, People v Casdia, 78 NY2d 1024, affg 163 AD2d 604; but see, People v D'Amico, 76 NY2d 877).

We also reject the contention that Supreme Court was not authorized to reinstate the indictment against petitioners. County Court's dismissal of the indictment was induced by the People's express representations that the charges against petitioners had been resolved in Town Court and that insufficient proof existed to establish a prima facie case against petitioners. It now appears that both representations were fundamentally factually and legally erroneous, justifying Supreme Court's exercise of a court's traditional inherent power to vacate orders and judgments obtained by fraud or misrepresentation (see, Matter of Lockett v Juviler, 65 NY2d 182, 186).

Finally, the extraordinary remedy of a writ of prohibition does not lie where the claim is a denial of statutory or constitutional speedy trial rights (see, Matter of Lopez v Justices of Supreme Ct. of N. Y. County, 36 NY2d 949; Matter of Valenti v Mark, 59 AD2d 651, lv denied 43 NY2d 642) and we, accordingly, do not consider the merits of petitioners' arguments in this regard. Such a claim must be raised, if at all, on an appeal in the criminal action (see, Matter of Valenti v Mark, supra).

MIKOLL, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Adjudged that the petition is dismissed, without costs.