Isaiah **BROWN,** Plaintiff,

v.

**THE CITY OF NEW YORK; New York City Police Officer Patrick Kennedy # 28614; New York City Detective Eddie Lebrone # 5365; Justice Margaret J. Finerty, Criminal Court Judge; Zebedee Pouncey, Citizen of the State of New York; New York City Police Officer Joseph Guiney # 12166,** Defendants.

**No. 98CIV.3844(RMB)(MHD).**

United States District Court, S.D. New York.

Nov. 16, 1999.

Isaiah Brown, Dannemora, NY, pro se.

Chauncey V. McGlathery, Michael D. Hess, Corp. Counsel of City of New York, New York City, for defendants.

### DECISION AND ORDER

BERMAN, District Judge.

#### I. *Introduction*

On June 1, 1998, Isaiah Brown ("Plaintiff" or "Brown") filed a complaint with this Court, pursuant to 42 U.S.C. § 1983, asserting that the City of New York and numerous individuals, including a judge and police officials ("Defendant" or "Defendants") who were involved in his arrests in 1997 for rape and drug offenses, and his subsequent arraignment, prosecution, and conviction, violated his Constitutional rights. (Second Amended Complaint, 4) (hereinafter "Complaint"). Plaintiff, who is currently incarcerated and is appearing *pro se*, claims, among other things, to have been the victim of false arrest and malicious prosecution.

The Defendant at issue here is former New York Criminal Court Judge Margaret J. Finerty. Plaintiff asserts that Judge Finerty violated his rights during an arraignment proceeding over which she presided. (Complaint, 10–12.) Plaintiff appeared before Judge Finerty on January 6, 1997, following his arrests on both drug and rape-related charges. Judge Finerty set bail on the drug charge, remanded Plaintiff on the rape charge, and issued an order of protection for the rape complainant. (Report, as hereinafter defined, 2–4); (transcript of Arraignment, attached as Exhibit "A" to Complaint). Brown asserts that Judge Finerty had no authority (i.e. jurisdiction) to take action with respect to the rape charges as these were the subject of a separate indictment proceeding. Brown seeks compensatory and punitive damages from Judge Finerty as well as declaratory relief.

Judge Finerty moved to dismiss Plaintiff's complaint on a variety of grounds, including among others, Eleventh Amendment immunity under the United States Constitution, individual immunity and the (so-called) *Rooker–Feldman* doctrine. (Report, 4–5.) On July 28, 1999, the Honorable Michael H. Dolinger, United States Magistrate Judge, to whom the matter had been referred on March, 18, 1999, issued a Report and Recommendation ("Report") recommending that Judge Finerty's mo-

tion to dismiss be granted.[1]  **For the reasons stated below, the Court concurs with Judge Dolinger's recommendations and grants Judge Finerty's motion to dismiss.**

## II.  *Analysis*

In reviewing a magistrate judge's report and recommendation, the Court may adopt those portions of the report to which no objections have been made and which are not facially erroneous.  *See Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y. 1991); *Letizia v. Walker,* 1998 WL 567840 at *1 (W.D.N.Y. Aug.27, 1998); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).  The Court conducts a *de novo* determination with respect to those portions of the report as to which objections have been filed.  *See Pizarro,* 776 F.Supp. at 817, *Letizia,* 1998 WL 567840 at *1. "Because 28 U.S.C. § 636(b) requires a 'de novo determination' rather than a de novo hearing, the district court is free to place 'whatever reliance ... in the existence of sound judicial discretion, [it chooses] to place on a magistrate's proposed findings and recommendations.'"  *Pizarro,* 776 F.Supp. at 817 (quoting *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989)).[2]

Although it is not entirely clear from the Objections, the Court has assumed that Plaintiff Brown is challenging the Report

in its entirety and has, therefore, conducted a *de novo* determination of all of Judge Dolinger's proposed findings and recommendations.

## A.  *Official Immunity*

■  The Report correctly concludes that Judge Finerty cannot be sued in her official capacity as a New York State judge.  (Report, 5–7).  A suit such as this one brought against a state governmental official is considered to be a suit against the entity (here New York State) for which that official works.  A claim such as Brown's for money damages and declaratory relief against the state or one of its officers is barred by the Eleventh Amendment.  "Unless a State has waived its Eleventh Amendment immunity ... a state cannot be sued directly in its own name, regardless of the relief sought." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)).  *See also Yorktown Med. Lab., Inc. v. Perales,* 948 F.2d 84, 87 (2d Cir.1991); *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 & n. 2 (2d Cir.1989).  As noted, Plaintiff's non-monetary claim is also barred.  *See Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Russell*

---

**1.**  In his Report, Judge Dolinger clearly advised and notified the parties of the procedures for objecting to the Report, stating that "[p]ursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this Report and Recommendation." (Report, 13.) Judge Dolinger further advised the parties of the consequences of failing to file timely objections in that they "may constitute a waiver of those objections both in the District Court and on later appeal to the United States Courts of Appeals." *Id.* (citing 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human*

*Servs.,* 892 F.2d 15, 16 (2d Cir.1989); Fed. R.Civ.P. 72, 6(a).).  On August 5, 199, Plaintiff filed objections ("Objections") to the findings and conclusions in the Report.

**2.**  The United States Supreme Court has articulated that there is little or no distinction between factual and legal issues in terms of the standard of review by the district court. Objections must be filed as to each finding, whether it be a question of law or fact, in order to trigger *de novo* determination.  *See Thomas,* 474 U.S. at 150, 106 S.Ct. 466 (rejecting distinction between factual and legal issues with regard to the standard of review).

*v. Dunston,* 896 F.2d 664, 667 (2d Cir. 1990).[3]

■ The provisions of 42 U.S.C. § 1983 which authorize suits against "persons" who act under the color of state law have been interpreted to exclude both the government and government officials when sued in their official capacity. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("a suit against a state official in his or her official capacity is not a suit against an official but rather is a suit against the official's office."); *Komlosi v. N.Y. State Office of Mental Retardation and Developmental Disabilities,* 64 F.3d 810, 815 (2d Cir.1995) ("It is now settled that a state cannot be sued under § 1983, and that this rule applies 'to States or governmental entities that are considered "arms of the state" for Eleventh Amendment purposes.' "); *Melo v. Combes,* 1998 WL 67667 at *3 (S.D.N.Y. February 18, 1998) ("to the extent that these claims for monetary damages are brought against the officers in their official capacities, the claims are dismissed or barred under the Eleventh Amendment."). In *Pierson v. Ray,* the United States Supreme Court articulated the proposition that a judge is free from liability for damages for acts committed within his or her official capacity. "This immunity applies even when the judge is accused of acting maliciously and corruptly ... he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). "[N]umerous Circuit Courts adopted a rule of absolute judicial immunity for state judges who are sued for damages under 42 U.S.C. § 1983." *Page v. Grady,* 788 F.Supp. 1207, 1209 (N.D.Ga.1992). "Among the various classes of persons who are absolutely immune from suits for damages under § 1983 are ... prosecutors and judges." *Bennett v. Batchik,* 743 F.Supp. 1245, 1250 (E.D.Mich.1990); *see also Will v. Michigan Dep't of State Police,* 491 U.S. at 71, 109 S.Ct. 2304. Therefore, the Plaintiff lacks a cause of action against Judge Finerty in her official capacity.

### B. *Individual Immunity*

■ The Plaintiff asserts that at the time Judge Finerty remanded him and issued an order of protection, she acted outside of the scope of her jurisdiction, presumably because an indictment had been issued by the Supreme Court of the State of New York for New York County. He claims the actions taken by Judge Finerty were done "in the clear absence of all jurisdiction." (Objections, 3.) Judge Dolinger disagrees, and the Court finds that Judge Dolinger's analysis is correct.[4] For her to lose immunity, Judge Finerty would have to have acted "in the clear absence of all jurisdiction," which she did not do. *Tucker v. Outwater,* 118 F.3d 930, 933 (2d Cir.1997), *cert. denied,* 522 U.S. 997, 118 S.Ct. 562, 139 L.Ed.2d 402 (1997) (citations omitted). The Report clearly articulates a distinction between acting "in the clear absence of jurisdiction" and acting in excess of authority (Report, 9–10.) and correctly concludes that Judge Finerty's actions were, at most, in excess of her authority. (Report, 10.) Her actions did

---

**3.** The lone exception to this rule applies where a Plaintiff seeks relief from continuing unconstitutional conduct by the government. *See e.g., Green v. Mansour,* 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). As noted by Judge Dolinger, that exception clearly does not apply in this case where Plaintiff's allegations arise from a single episode which took place over two years ago. (Report, 7.)

**4.** Even if Plaintiff were correct and Judge Finerty had made an error, she would still be immune from suit. *See* (Report, 8.)

not trigger liability because they were not done "in the clear absence of jurisdiction." *Tucker*, 118 F.3d at 933.

As noted in the Report, as a Criminal Court Judge, Judge Finerty regularly set bail and issued protective orders in cases which came before her. Under the Criminal Procedure Law of the State of New York, Judge Finerty had jurisdiction over such preliminary matters in criminal cases. Crim. Proc. § 1.20(25), § 10.30(2). Crim. Proc. § 10.30(2) states that "Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture thereof in any particular case by the superior court and their grand juries." Criminal court jurisdiction is outlined in Crim. Proc. § 1.20(25): "regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof." In contrast, Crim. Proc. § 10.20(2) grants to superior courts "preliminary jurisdiction of all offenses, but they exercise such jurisdiction only by reason of and through the agency of their grand juries." These provisions establish preliminary jurisdiction in both the local and "superior" courts (Report, 11); superior courts can, under some circumstances, divest the jurisdiction of local courts. *Id.* However, it is unclear whether the preliminary jurisdiction of the criminal court is automatically divested upon the return of an indictment by a grand jury. Recognizing the ambiguity of these provisions when considered together, and in the context of Judge Finerty's actions, Judge Dolinger

concluded that Judge Finerty acted within the scope of her jurisdiction. (Report, 10–11.) As the Report indicates, "Judge Finerty was acting within the scope of her jurisdiction irrespective of the return of the indictment." *Id.* This court agrees.[5]

The cases cited by Plaintiff are clearly distinguishable from the instant case. For example, *Maestri v. Jutkofsky* concerned the issuance by a judge of a warrant purporting to apply in a county outside of the judge's jurisdiction. *Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir.1988). In other of the Plaintiff's cases, the judicial actions taken extended beyond preliminary functions. *See, e.g., Angell v. Ferris*, 227 A.D.2d 475, 643 N.Y.S.2d 124 (N.Y.App.Div.1996) (upholding an order of the Supreme Court which found the local criminal court did not have jurisdiction to conduct a post-arraignment hearing after an indictment had been returned by the grand jury); *Cummings v. Koppell*, 212 A.D.2d 11, 627 N.Y.S.2d 480 (N.Y.App.Div.1995) (finding that a local criminal court did not have subject matter jurisdiction to accept guilty pleas and dismiss charges after actions of a grand jury or superior court).

Here, as the Magistrate noted, Judge Finerty acted as criminal court judges routinely do, i.e. with respect to preliminary pre-trial matters. Even assuming that she erred in remanding the Plaintiff and issuing an order of protection, given the seeming inconsistency between Crim. Proc. §§ 10.20(2) and 10.30(2), such an error would be understandable and would certainly not rise to the level of clear absence of jurisdiction. Judge Finerty is entitled to immunity against Plaintiff's individual claim for money damages.[6]

---

**5.** Judge Dolinger concluded that " [d]enial of immunity is not triggered merely by errors, even bad faith errors." (Report, 8.) Even if the timing of her order relating to Plaintiff's rape charge had been "improper" in light of

the rape indictment, Judge Finerty's rulings nevertheless fell within the realm of her judicial authority. (Report, 10.)

**6.** The doctrine of individual immunity does not protect against claims for declarative re-

## C. *Rooker–Feldman Doctrine*

Judge Dolinger also invokes the *Rooker–Feldman* doctrine as grounds to dismiss the Plaintiff's complaint.[7] The *Rooker–Feldman* doctrine bars the Plaintiff's prayer for declaratory relief. (Report, 13.) That is, as Judge Dolinger correctly observed, in order to adjudicate the Plaintiff's claim, this Court would be required to reconsider issues already decided by a state court judge. *See e.g. Campbell v. Greisberger*, 80 F.3d 703, 706–07 (2d Cir.1996) (agreeing with District Court's determination that it lacked jurisdiction under *Rooker–Feldman* to review state court decision which denied challenge to state bar requirement); *Gentner v. Shulman*, 55 F.3d 87, 88–90 (2d Cir.1995) (holding that District Court had no jurisdiction to rule on motion for preliminary injunction to bar enforcement of state judicial decisions). The Court agrees with Judge Dolinger's observation that the Plaintiff here had the opportunity to litigate his claims involving Judge Finerty's rulings in state appellate court. (Report, 12, citing Crim. Proc. § 530.30(1) (granting the superior court power to review the bail decisions of local courts)). Principles of federalism and comity also require the dismissal of the Plaintiff's claim. "Emphasizing principles of federalism, the Supreme Court has repeatedly acknowledged the right of state courts to enforce state criminal laws without federal interference." *Hardenberg v. Virginia Dep't of Motor Vehicles*, 42 F.3d 986, 988 (6th Cir.1994). *See also Horne v. Coughlin*, 191 F.3d 244, 246–47 (2d Cir.1999) ("[E]ven where plaintiffs can have their constitutional claims adjudicated, plaintiffs may effectively be limited to state courts because of the Rooker–Feldman ... doctrine[s] and other rules of federalism."). Consideration of the Plaintiff's claim would require this Court's interference with the judicial process of the New York State courts. "[U]nder the principle known as comity a federal district court has no power to intervene in the internal procedures of the state courts." *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir.1973) (overruling a district court decision limiting the assignment of felony cases to the Legal Aid Society), *cert. denied*, 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 761 (1974).

## III. *Conclusion*

The Court has conducted a *de novo* determination of Judge Dolinger's findings and conclusions and agrees with them in every material respect. The Report is adopted and incorporated herein by reference. For the reasons set forth above, Judge Finerty's motion to dismiss is granted. The Clerk is respectfully directed to enter judgment dismissing the complaint against Judge Finerty.

---

lief. (Report, 11) (noting that 1996 amendment to 42 U.S.C. § 1983 explicitly did not preclude declaratory relief). *See* S.Rep. No. 104–366, 104th Cong., 2d Sess., 1996 U.S.C.C.A.N. 4202 ("litigants may still seek declaratory relief.").

**7.** The *Rooker–Feldman* doctrine is rooted in two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Together these cases stand for the general proposition that federal courts do not have subject matter jurisdiction to review either final or interlocutory judicial decisions of state courts. "Lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). *See also Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996) (citations omitted).