In the Matter of RONALD L. BROWN, SR., Petitioner, v JOSEPH W. LATHAM, as Steuben County Court Judge, et al., Respondents. [785 NYS2d 259]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondents from prosecuting petitioner in the Steuben County Court on an indictment charging petitioner with reckless endangerment (two counts) and menacing in the second degree (two counts).

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original proceeding seeking to prohibit respondents from proceeding with a prosecution against him upon an indictment in Steuben County Court (*see* CPLR 506 [b] [1]; 7804 [b]). Judge Joseph W. Latham does not appear in the proceeding (*see* 7804 [i]). It is undisputed that, during the pendency of a prosecution upon a misdemeanor information in local criminal court, an assistant district attorney sought an adjournment of the trial immediately before it commenced, in order to appeal from the court's suppression ruling, and that District Attorney John C. Tunney (respondent) failed to appeal from that ruling. In his answer, respondent states that the assistant district attorney also sought an adjournment pursuant to CPL 170.20 (2) in order that the matter could be presented to the grand jury.

To avail himself of the extraordinary remedy of a writ of prohibition, petitioner must establish that he has a clear legal right and that respondents acted in excess of their authorized powers (*see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *Matter of Forte v Supreme Ct. of State of N.Y.*, 48 NY2d 179, 183 [1979]). We reject petitioner's contention that respondent is barred from pursuing a prosecution in County Court pursuant to CPL 450.50 (2), which prohibits a prosecution where the people are unsuccessful on their appeal from a suppression ruling. Because respondent did not appeal from the local court's order granting suppression of certain evidence, section 450.50 (2) is not applicable. We reject the further contention of petitioner that the prosecution in County Court violates his constitutional right to be protected from double jeopardy. Although a writ of prohibition may lie to protect a petitioner from double jeopardy (*see*

*Rush*, 68 NY2d at 354), here, "[j]eopardy never attached" because the jury in the local criminal court had not yet been impaneled (*People v Moyer*, 292 AD2d 793, 794 [2002]; *see* CPL 40.30 [1] [b]; *cf. Matter of Kraemer v County Ct. of Suffolk County*, 6 NY2d 363, 367-368 [1959]). Furthermore, the assistant district attorney properly sought an adjournment of the proceedings in local criminal court prior to the commencement of the trial on the ground that the district attorney intended to present the charge to the grand jury (*see* CPL 170.20 [2]). Finally, it is well established that a writ of prohibition does not lie upon the contention that petitioner was denied his statutory or constitutional rights to a speedy trial (*see Matter of Lopez v Justices of Sup. Ct. of N.Y. County*, 36 NY2d 949 [1975]; *Matter of Cummings v Koppell*, 212 AD2d 11, 15 [1995], *lv denied* 86 NY2d 702 [1995]; *Matter of Valenti v Mark*, 59 AD2d 651 [1977], *lv denied* 43 NY2d 642 [1977]). We therefore dismiss the petition. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.