■ In the Matter of Tsapora Z., an Infant. Tina Z., Respondent; Commissioner of Social Services, Appellant, et al., Respondent. [600 NYS2d 224] —Order, Family Court, New York County (Leah Marks, J.), entered February 11, 1993, which vacated the remand of the care and custody of the subject child Tsapora Z. ("the child") to the Commissioner of Social Services ("the Commissioner") under a neglect petition filed against the respondent mother Toya Z., and granted direct custody of the child to petitioner Tina Z. ("the petitioner" or "Tina Z."), the child's maternal aunt, unanimously modified, on the law, without costs, to the extent that Tina Z. is granted temporary custody of the child and the matter remanded to Family Court, which is directed to reopen the custody hearing upon the completion of the investigation by the State of New Jersey pursuant to the Interstate Compact On The Placement Of Children (the Interstate Compact; Social Services Law § 374-a [1]).

On August 25, 1992, the Commissioner filed a neglect petition in the Family Court against the respondent mother, alleging that she was unable to provide proper supervision and guardianship because of her mental condition. On that date the Family Court remanded the child into the Commissioner's custody. On September 14, 1992, a custody petition was filed by Tina Z., the child's maternal aunt, seeking a kinship foster care placement with Tina Z. in New Jersey under the Interstate Compact. Article III (d) of that law provides: "The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed place-

ment does not appear to be contrary to the interests of the child."

Without the completion of the State of New Jersey's investigation or of the balance of the Interstate Compact process, the Family Court on December 16, 1992, ordered the removal of the child from the Commissioner's custody and granted temporary custody to Tina Z., who resided in New Jersey. That order was stayed by this Court. The Family Court commenced its custody hearing on January 29, 1993, again notwithstanding that New Jersey had not completed the home study component of its Interstate Compact report. On February 11, 1993, the Family Court issued the order appealed from, granting direct and final custody of the child to petitioner. On February 17, 1993, this Court granted an interim stay of the order, pending appeal, but allowed the child to go to petitioner's home for an "extended in-residence visitation."

One purpose of the Interstate Compact is to give the authorities in the receiving State "full opportunity to ascertain the circumstances of the proposed placement, thereby promoting full compliance with applicable requirements for the protection of the child" (Social Services Law § 374-a [1], art I [b]). The prohibition against sending a child without approval of those authorities is clear (Social Services Law § 374-a [1], art III [d]). The interstate Compact establishes conditions precedent to a subject child's establishment of residence in the receiving State, and compliance with article III is determined in the sole discretion of the receiving State *(Matter of Jon K.,* 141 Misc 2d 949, 953-954; *see, Matter of Male D.,* 137 Misc 2d 1016, 1023; *Matter of Baby E.,* 104 Misc 2d 185, 189). Since the child will have to look to the authorities in New Jersey for her protection once permanent custody is granted to a New Jersey resident, it is incumbent upon this State to make sure that such custody is established without irregularities. Concur —Murphy, P. J., Sullivan, Milonas, Asch and Nardelli, JJ.