■ In the Matter of KEANU BLUE R., Also Known as QUIANO BLUE R., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; VANESSA R., Respondent, et al., Respondent. MONICA DRINANE, Law Guardian for the child, Nonparty Appellant. [740 NYS2d 98] —In a child neglect proceeding pursuant to Family Court Act article 10, the Administration for Children's Services of the City of New York and the Law Guardian for the child separately appeal, as limited by their respective briefs, from so much of an order of the Family Court, Kings County (Segal, J.), dated December 11, 2000, as, after a hearing, forthwith released the child Keanu Blue R., also known as Quiano Blue R., to his mother's care and directed that the mother remain under the supervision of the Ohio child welfare authorities for 12 months. By decision and order of this court dated December 20, 2000, the enforcement of the order dated December 11, 2000, was stayed pending the hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the provision thereof which forthwith released the child Keanu Blue R., also known as Quiano Blue R., to his mother's care and directed that the mother remain under the supervision of the Ohio child welfare authorities for 12 months is deleted, and a provision entering a 30-day renewable temporary order of placement with the paternal grandparents pursuant to Family Court Act § 1055 (b) (v) and directing the Administration for Children's Services to comply with Social Services Law § 374-a is substituted therefor.

The Administration for Children's Services of the City of New York petitioned the Family Court for an extension of foster care placement pursuant to Family Court Act § 1055. The mother, Vanessa R., sought to have the child placed with her on a permanent basis in her new residence in Ohio. Following a hearing, the Family Court concluded that the child's best interests were served by forthwith releasing the child to his mother's care and directed that she remain under the supervision of the Ohio child welfare authorities for 12 months. No formal arrangements were made for supervision by child services agencies in Ohio.

The Family Court erred in relinquishing responsibility for the care, support, and maintenance of the child without first conforming to the requirements of Social Services Law § 374-a. The informal recommendation from a private child welfare agency in Ohio cannot serve as the official concurrence of placement contemplated by Social Services Law § 374-a [1] [art V (a)]; (*see Matter of Shaida W.,* 85 NY2d 453; *Matter of Tsapora Z.,* 195 AD2d 348). Further, absent the concurrence of the receiving state, the Family Court cannot terminate placement (*see* Social Services Law § 374-a (1) (art V [a]); *Matter of Shaida W., supra*). Accordingly, the order is reversed insofar as appealed from, the provision forthwith releasing the child to his mother's care is deleted therefrom, and a provision entering a 30-day renewable temporary order of placement with the paternal grandparents pursuant to Family Court Act § 1055 (b) (v), and further directing the Administration for Children's Services to comply with Social Services Law § 374-a, is substituted therefor. Santucci, J.P., Smith, Crane and Cozier, JJ., concur.