■ In the Matter of RYAN R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; YVONNE M.-B. et al., Respondents. (Proceeding No. 1.) In the Matter of SONYA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; YVONNE M.-B. et al., Respondents. (Proceeding No. 2.) [815 NYS2d 221]—

In related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated November 3, 2005, as paroled the children Ryan R. and Sonya B. to the paternal aunt and uncle, who reside in the State of New Jersey, pending final determination of the proceedings. By decision and order on motion of this Court dated November 25, 2005, enforcement of so much of the order dated November 3, 2005, as paroled Ryan R. and Sonya B. was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the children Ryan R. and Sonya B. are remanded to the care and custody of the petitioner.

We agree with the Administration for Children's Services and the children's Law Guardian that, under the circumstances of this case, the Family Court erred in releasing the children Ryan R. and Sonya B. to live in the State of New Jersey without compliance with the Interstate Compact for the Placement of Children (hereinafter the ICPC). The stated purpose of the ICPC is to ensure that "[e]ach child requiring placement shall receive the maximum opportunity to be placed in a suitable environment and with persons or institutions having appropriate qualifications and facilities to provide a necessary and desirable degree and type of care" (Social Services Law § 374-a [1], art I [a]; *see Matter of Shaida W.,* 85 NY2d 453, 458-459 [1995]; *Matter of Melinda D.,* 31 AD3d 24 [2006]). Here, by refusing to wait for the ICPC process to be properly completed, the Family Court failed to ensure that the children were being sent to "a suitable environment" and that such a placement was in the children's best interests (*see* Social Services Law § 374-a [1], art I [a]; *Matter of Shaida W., supra; Matter of Keanu Blue R.,* 292 AD2d 614, 615 [2002]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.