■ In the Matter of DONALD KEVIN FAISON, Appellant, v TARA CAPOZELLO, Respondent. SUSAN TOMAN et al., Intervenors-Respondents. (Proceeding No. 1.) In the Matter of DONALD KEVIN FAISON, Appellant, v JANET DEMARZO, Respondent. SUSAN TOMAN et al., Intervenors-Respondents. (Proceeding No. 2.) [856 NYS2d 179]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Genchi, J.), dated September 15, 2006, as, after a hearing, denied his petitions for custody against the Suffolk County Department of Social Services and the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father commenced these proceedings to obtain custody of his infant son, who was placed in the care and custody of the Suffolk County Department of Social Services due to neglect. The father lives in New Jersey. In the order appealed from, the Supreme Court, inter alia, denied the father's petitions for custody. We affirm the order insofar as appealed from.

Placement of the child with the father in New Jersey must proceed in compliance with the Interstate Compact for the Placement of Children (hereinafter the ICPC) (*see* Social Services Law § 374-a [1], art V [a]; *Matter of Shaida W.*, 85 NY2d 453 [1995]; *Matter of Ryan R.*, 29 AD3d 806 [2006]; *Matter of Keanu Blue R.*, 292 AD2d 614 [2002]). The purpose of the ICPC is to ensure that "[e]ach child requiring placement shall receive the maximum opportunity to be placed in a suitable environment and with persons or institutions having appropriate qualifications and facilities to provide a necessary and desirable degree and type of care" (Social Services Law § 374-a [1], art I [a]; *see Matter of Shaida W.*, 85 NY2d 453 [1995]; *Matter of Ryan R.*, 29 AD3d 806 [2006]; *Matter of Keanu Blue R.*, 292 AD2d 614 [2002]). Here, the State of New Jersey performed an investigation and found that the father would not provide a suitable environment for his infant son and that placement with the father would not be in the child's best interest. Thus,

the placement was not permitted under the ICPC (*see Matter of Shaida W.*, 85 NY2d 453 [1995]; *Matter of Ryan R.*, 29 AD3d 806 [2006]; *Matter of Keanu Blue R.*, 292 AD2d 614 [2002]).

In any event, contrary to the father's argument on appeal, review of the record reveals sufficient evidence of "extraordinary circumstances" to rebut the presumption of custody in favor of the father and to turn the inquiry to that of the best interests of the child (*see Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]; *Matter of Jodoin v Billings*, 44 AD3d 1244, 1245 [2007]; *Matter of Commissioner of Social Servs. of City of N.Y. [Sarah P.]*, 216 AD2d 387 [1995]). Further, the denial of custody to the father was in the best interests of the child (*see Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]). Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.