In the Matter of ALEXUS M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JENELLE F., Appellant. [937 NYS2d 257]—

The issue on this appeal is whether the Family Court properly disposed of a child protective petition by transferring custody of the subject child to a nonrespondent parent who lives in another state. Under the circumstances presented, the order transferring custody of the child in this case was improper.

The New York City Administration for Children's Services (hereinafter the ACS) commenced a child protective proceeding pursuant to Family Court Act article 10 against the mother in 2008. The mother consented to the jurisdiction of the Family Court pursuant to Family Court Act § 1051 (a), and a finding of neglect was entered with respect to the subject child. In July 2008, during the pendency of the proceeding, the subject child was removed from the mother's home pursuant to Family Court Act § 1024, remanded to the custody of the Commissioner of Social Services (hereinafter the Commissioner), and placed in foster care. At some point after the proceeding was commenced, the nonrespondent father, who lives in Virginia, filed a petition for custody of the subject child.

The Family Court, after a hearing, issued an order of disposition which, inter alia, terminated the Commissioner's custody and supervision of the subject child, and awarded temporary custody of the child to the father, pending further proceedings on the father's custody petition. The mother appeals from the order of disposition, contending that the Family Court erred in terminating the supervision of the child by the Commissioner and in granting temporary custody to the father.

Contrary to the contention of the attorney for the child, the mother objected to the proposed disposition before the Family Court. Further, so much of the order of disposition as awarded temporary custody to the father was issued in connection with both the father's custody petition and the disposition of this child protective proceeding. Under these circumstances, the

mother was not required to seek leave to appeal from the order, and her appeal brings up for review so much of the order as awarded temporary custody to the father (*see* Family Ct Act § 1112 [a]).

The mother contends that she should be permitted to withdraw her consent to the jurisdiction of the Family Court with respect to the finding of neglect, since her consent was not validly entered into (*see* Family Ct Act § 1051 [a]). However, the mother did not ever request that relief before the Family Court (*see* Family Ct Act § 1051 [f]). Consequently, this contention is not properly before this Court (*see Matter of Nasir H.*, 251 AD2d 1010 [1998]).

However, the order of disposition violated the provisions of the Interstate Compact on the Placement of Children (hereinafter ICPC), codified at Social Services Law § 374-a. A stated purpose of the ICPC is to ensure that a child who is in the custody or supervision of a Commissioner of Social Services will not be placed in another state with an inappropriate resource (*see Matter of Shaida W.*, 85 NY2d 453, 458 [1995]; *Matter of Melinda D.*, 31 AD3d 24, 30 [2006]). The state that is to receive a child must be provided with a "full opportunity to ascertain the circumstances of the proposed placement, thereby promoting full compliance with applicable requirements for the protection of the child" (Social Services Law § 374-a [1] [art I (b)]). Article III of the ICPC provides that the sending agency shall furnish the receiving state with written notices, so that the appropriate child welfare authorities in the receiving state can determine whether the proposed placement is consistent with the interests of the child (*see* Social Services Law § 374-a [1] [art III (b), (d)]). That article further provides that a child "shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child" (Social Services Law § 374-a [1] [art III (d)]). The "physical transfer of the child to the receiving state is not to occur at all absent full compliance with Social Services Law § 374-a, including the transmittal of the required written notices to the receiving state and the approval of the proposed placement by the receiving state" (*Matter of Melinda D.*, 31 AD3d at 30).

Here, the order of disposition terminated the custody and supervision of the subject child by the Commissioner, and temporarily awarded custody to the father, who lives in Virginia. Where the custody of a child who is under the supervision

of the Commissioner is transferred to the custody of a parent or relative in another state, the provisions of the ICPC apply (*see Matter of Tumari W.*, 65 AD3d 1357, 1360 [2009]; *Matter of Faison v Capozello*, 50 AD3d 797, 798 [2008]; *see also Matter of Keanu Blue R.*, 292 AD2d 614 [2002]).

It is undisputed that the relevant authorities in Virginia did not approve the proposed placement of the subject child pursuant to the ICPC. Consequently, the order terminating supervision of the child by the Commissioner and awarding temporary custody to the father was improper (*see Matter of Tumari W.*, 65 AD3d at 1360; *Matter of Faison v Capozello*, 50 AD3d at 798). Accordingly, the child must be remanded to the supervision of the Commissioner, pending a new dispositional hearing and new disposition (*see* Family Ct Act § 1027 [b]; *see also* Family Ct Act § 1073).

The mother's contentions regarding her younger child, who was initially the subject of a neglect proceeding, are not properly before this Court, as the neglect petition with respect to the younger child was withdrawn by the ACS, and the mother does not appeal from any custody order issued with respect to the younger child. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.