██ In the Matter of Roosevelt Mc., Jr. Administration for Children's Services, Appellant; Lashawanda N. et al., Respondents. (Proceeding No. 1.) In the Matter of Tasharra Mc. Administration for Children's Services, Appellant; Lashawanda N. et al., Respondents. (Proceeding No. 2.) In the Matter of Nyesha Mc. Administration for Children's Services, Appellant; Lashawanda N. et al., Respondents. (Proceeding No. 3.) In the Matter of Kayla Mc. Administration for Children's Services, Appellant; Lashawanda N. et al., Respondents. (Proceeding No. 4.) In the Matter of Jahniya N. Administration for Children's Services, Appellant; Lashawanda N. et al., Respondents. (Proceeding No. 5.) In the Matter of Shamiya N. Administration for Children's Services, Appellant; Lasha-

WANDA N. et al., Respondents. (Proceeding No. 6.) [989 NYS2d 89]—

In related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (O'Shea), dated March 26, 2014, as, after fact-finding and dispositional hearings, upon directing that the subject children be released to the custody of the respondent parents, granted the parents permission to move out-of-state with the subject children without an approved Interstate Compact on the Placement of Children and granted the parents' applications for a suspended judgment. By decision and order on motion of this Court dated April 8, 2014, enforcement of certain portions of the order dated March 26, 2012, was stayed pending hearing and determination of the appeal.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

On December 9, 2011, the Administration for Children's Services (hereinafter ACS) filed abuse and neglect petitions against the respondent parents alleging, in part, that the mother abused one of the subject six children by beating her with an electric extension cord. Although the children were immediately removed from the custody of the parents, approximately one year later, on November 26, 2012, the Family Court released the children to the father pursuant to Family Court Act § 1028, with certain conditions. Thereafter, at a fact-finding hearing, the parents entered admissions.

Following a dispositional hearing during which the issue of the parents' intention to move to Virginia because they encountered housing problems in New York was raised by ACS, the Family Court issued an order of fact finding and disposition. Based on a favorable "Investigation and Report," the Family Court released the children to both parents "with supervision of a child protective agency." The court also granted the parents' applications for a suspended judgment, suspending judgment until September 24, 2014, under certain conditions, including that, for the next six months, the parents continue to cooperate with ACS supervision. Lastly, the Family Court, over ACS's objection, also granted the parents permission to move with the children to Virginia, where they were to continue to cooperate with ACS supervision by, among other things, bringing the chil-

dren to New York once each month for the following six months to meet with a caseworker.

We agree with ACS's arguments that, under the facts of this case, the best interests of the children warranted the utilization of an Interstate Compact for Placement of Children to ensure that the family is supervised by a child protective agency after the family's relocation to Virgina (*see* Social Services Law § 374-a; *Matter of Alexus M. v Jenelle F.*, 91 AD3d 648, 650 [2012]; *Matter of Tumari W.*, 65 AD3d 1357, 1357 [2009]; *Matter of Keanu Blue R.*, 292 AD2d 614, 615 [2002]), and that a suspended judgment was not in the children's best interests (*cf. Matter of Eric Z. [Guang Z.]*, 100 AD3d 646, 648 [2012]). Accordingly, we reverse the order of fact-finding and disposition insofar as appealed from, and remit the matter to the Family Court, Kings County, for further dispositional proceedings. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.