Matter of Laland v Bookhart (2020 NY Slip Op 02611)





Matter of Laland v Bookhart


2020 NY Slip Op 02611


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-14818
 (Docket Nos. V-20828-17, V-20833-17, V-20834-17, V-20836-17, V-20838-17)

[*1]In the Matter of Davlin Laland, appellant,
v
Shavonne Bookhart, et al., respondents.


Susan A. DeNatale, Bayport, NY, for appellant.
Abbe Shapiro, Mount Sinai, NY, for respondent Shavonne Bookhart.
Dennis M. Brown, County Attorney, Central Islip, NY (Jessica A. Cicale of counsel), for respondent Suffolk County Department of Social Services.
Domenik Veraldi, Jr., Islandia, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated November 13, 2018. The order, without a hearing, dismissed the father's petitions for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2012, when the subject child was approximately seven months old, she was removed from the mother's care due to neglect, and placed in the care and custody of the Suffolk County Department of Social Services (hereinafter DSS). The child has remained in the care and custody of DSS since that time.
In December 2017, the father, who resides in North Carolina, commenced these proceedings against the mother and DSS to obtain custody of the child. In an order dated November 13, 2018, the Family Court dismissed the petitions without conducting a hearing. The court stated that, following an investigation conducted in accordance with the Interstate Compact for the Placement of Children (hereinafter ICPC), the relevant North Carolina authority found that the father's home was not suitable for the child and, therefore, would not consent to placing the child with the father. The court dismissed the subject petitions on the ground that the ICPC applied and the court could not award custody to the father in the absence of ICPC compliance, which required approval by the relevant North Carolina authority. The father appeals.
Where a child is in the custody of a child protective agency (see Family Ct Act § 1012[i]), and a parent living outside of New York petitions for custody of the child, the provisions of the ICPC apply (see Matter of Alexus M. v Jenelle F., 91 AD3d 648, 650-651; Matter of Tumari W., 65 AD3d 1357, 1360; Matter of Faison v Capozello, 50 AD3d 797; Matter of Keanu Blue R., 292 AD2d 614, 615). Here, since the child was in the custody of DSS and the father resided in North [*2]Carolina, we agree with the Family Court's determination that the ICPC applied. Further, since the court could not grant the father's petitions for custody absent approval from the relevant North Carolina authority, and that approval was denied, we agree with the court's determination dismissing the petitions (see Matter of Dawn N. v Schenectady County Dept. of Social Servs., 152 AD3d 135, 141; see also Matter of Faison v Capozello, 50 AD3d at 798).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court