Matter of David Q. v Schoharie County Dept. of Social Servs. (2021 NY Slip Op 06400)





Matter of David Q. v Schoharie County Dept. of Social Servs.


2021 NY Slip Op 06400


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

529042 531474
[*1]In the Matter of David Q., Appellant,
v
Schoharie County Department of Social Services, Respondent. (Proceeding No. 1.)
In the Matter of David Q., Appellant,
v
Kristen R., Respondent, et al., Respondents. (Proceeding No. 2.)

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Veronica Reed, Schenectady, for appellant.
Schoharie County Department of Social Services, Schoharie (David P. Lapinel of counsel), for Schoharie County Department of Social Services, respondent.
Christine E. Nicolella, Delanson, for Kristen R., respondent.
Teresa A. Meade, Middleburgh, attorney for the child.



Egan Jr., J.P.
Appeals from two orders of the Family Court of Schoharie County (Bartlett III, J.), entered April 11, 2019 and April 20, 2020, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for custody of or visitation with the subject child.
As set forth more fully in our decision in a related permanent neglect proceeding (Matter of Colby R. [David Q.], ___ AD3d ___ [decided herewith]), petitioner (hereinafter the father) is a Kentucky resident and the father of the subject child (born in 2017). A neglect petition was filed against respondent Kristen R. (hereinafter the mother) shortly after the child's birth, and the child was removed from her care and placed in the temporary custody of respondent Schoharie County Department of Social Services (hereinafter DSS). In an order entered in November 2018, but reflecting a February 2018 appearance, Family Court found the child to be neglected and continued his placement in the custody of DSS. The permanency goal at that point was to return the child to the care of a parent and, as the father expressed interest in serving as a placement, DSS requested that Kentucky officials assess his suitability pursuant to the Interstate Compact on the Placement of Children (see Social Services Law § 374-a [hereinafter ICPC]).
The father thereafter filed two petitions that are of relevance here. The first was filed in November 2018 against DSS and sought custody of the child. The second was filed in March 2019 against the mother and the child's maternal grandparents and sought, among other things, custody and/or visitation. Following the receipt of the ICPC evaluation and its conclusion that the father was not a suitable placement for the child, Family Court dismissed the father's November 2018 custody petition in an April 2019 order. DSS then filed a permanent neglect petition against the father and, after a fact-finding hearing, that petition was granted. Family Court went on to conduct a dispositional hearing in the permanent neglect proceeding, after which the court found that the best interests of the child would be served by terminating the father's parental rights and directed DSS to prepare a dispositional order. Family Court contemporaneously issued an April 2020 order dismissing the March 2019 petition as academic. The father appeals from the April 2019 and April 2020 orders.
The termination of the father's parental rights rendered his appeal from the April 2019 order moot (see Matter of Nicholas L. v Erica M., 182 AD3d 708, 708-709 [2020]; Matter of Brian HH. v Lisa HH., 180 AD3d 1182, 1182 [2020]). Moreover, in view of that termination, Family Court correctly determined in its April 2020 order that the father's demands for custody and/or visitation in his March 2019 petition were academic (see Matter of Jeffrey J.P. [Anna A.], 170 AD3d 853, 854-855 [2019], lvs denied 33 NY3d 909 [2019]).
The father contends that the argument he advances on these appeals[*2]— namely, that the application of the ICPC to his custody petitions posed a "bureaucratic barrier" to his efforts to obtain custody that "infringe[d] upon [his] substantive and procedural due process rights as a parent" — falls within the exception to the mootness doctrine (Matter of Emmanuel B. [Lynette J.], 175 AD3d 49, 60 [2019], lv dismissed 34 NY3d 1036 [2019]; but see Matter of Laland v Bookhart, 183 AD3d 565, 565 [2020], lv granted 37 NY3d 901 [2021]; Matter of Dawn N. v Schenectady County Dept. of Social Servs., 152 AD3d 135, 140-141 [2017], lv denied 30 NY3d 902 [2017]). The father failed to advance that argument before Family Court, instead proposing to adjourn a hearing on his custody petitions pending the outcome of the ICPC evaluation and then, upon receiving the results of that evaluation, offering no objection to the proposed dismissal of the November 2018 custody petition and indicating that the only remaining issue in the March 2019 petition was that of visitation. The father is accordingly raising an unpreserved issue that, moot or not, "should not now be addressed for the first time on appeal" (Matter of Michael Anthony F., 177 AD2d 1031, 1031 [1991]; see Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1600 [2011], lv denied 17 NY3d 708 [2011]; Matter of Kasja YY., 64 AD3d 907, 907 [2009], lv denied 13 NY3d 709 [2009]). Thus, although the father poses a "substantial and novel" question that could potentially implicate the exception to the mootness doctrine, because of the lack of preservation, that question is not reviewable by this Court (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 715 [1980]).[FN1]
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered April 11, 2019 is dismissed, as moot, without costs.
ORDERED that the order entered April 20, 2020 is affirmed, without costs.



Footnotes

Footnote 1: Although we do agree with the father that the question of whether, as an out-of-state nonrespondent parent, the ICPC applied to his custody petitions is a significant issue, we are constrained by the procedural posture of this case. Were we able to address it, we would find, for the reasons stated by the First Department in Matter of Emmanuel B. (Lynette J.) (175 AD3d at 55-60), that the ICPC does not apply to out-of-state parents.