■ In the Matter of THOMAS N. N. ANGELL, on Behalf of CECIL E. BROWN, Appellant, v ROBERT D. FERRIS et al., Respondents. [643 NYS2d 124] —In a proceeding pursuant to CPLR article 78 to compel the respondents to hold a prompt preliminary hearing pursuant to CPL 180.10 (2), the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated September 2, 1994, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

While the petitioner was an inmate in a State correctional facility, he was charged with murdering another inmate. He was arraigned on a felony complaint before a local criminal court on July 20, 1994, and pleaded not guilty. On July 28, 1994, the petitioner requested a preliminary hearing pursuant

to CPL 180.10 (2), and the local criminal court scheduled a preliminary hearing for September 8, 1994. The petitioner then commenced the instant proceeding to compel the respondents to hold a prompt preliminary hearing pursuant to CPL 180.10 (2). Thereafter, an indictment was voted against the petitioner, and the Supreme Court denied the petition on the ground that the local criminal court no longer had jurisdiction (*see,* CPL 10.30 [2]).

The petitioner concedes that the appeal is moot since the Grand Jury had already voted to indict him. However, he asks this Court to review the merits of whether he was denied his right to a prompt preliminary hearing pursuant to CPL 180.10 (2) under the exception to the mootness doctrine. We decline to do so. The Court of Appeals has stated that a court should rule on an issue even though it is moot as to those who seek relief when there is: (1) a likelihood of repetition, either between the parties or among other members of the public, (2) a phenomenon typically evading review, and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 715). Contrary to the petitioner's contention, we find that the issue of whether he was denied a prompt preliminary hearing is not a significant or important question since the petitioner was already incarcerated for a previous conviction and therefore was not eligible for the remedy provided under CPL 180.80 (*cf., People ex rel. Guggenheim v Mucci,* 32 NY2d 307; *People ex rel. Maxian v Brown,* 164 AD2d 56; *People ex rel. Vancour v Scoralick,* 140 AD2d 658). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.