■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL P. DAMPHIER, Appellant. [856 NYS2d 726]—

Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered April 4, 2005, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts), burglary in the second degree, petit larceny and menacing in the second degree.

Defendant was charged in a five-count indictment with, among other things, robbery in the second degree based upon a November 2003 incident in which he and another individual allegedly pushed their way into the victim's house and pointed a gun at him. The two men told the victim to "[g]et down on [his]

---

face," and pushed him back onto his couch. The victim, who had been home alone, then told the men that a woman was in another room and, when the men went to find her, the victim ran to a neighbor's house and called the police. When the victim returned to his house, he discovered that several hundred dollars had been taken from his wallet. The victim subsequently informed the police that he believed one of the robbers was the son of his acquaintance Paul H. Damphier, who is, in fact, defendant's father. In addition, the victim subsequently found a black "cap," which was part of a black, nylon stocking, on his porch. The cap was later shown to have defendant's DNA on it.

Following a jury trial, defendant was convicted of the crimes of robbery in the second degree (two counts), burglary in the second degree, petit larceny and menacing in the second degree. He was thereafter sentenced, as a second felony offender, to an aggregate prison term of 13 years, with five years of postrelease supervision. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that reversal and a new trial are required because he was denied his right to a prompt preliminary hearing (*see* CPL 180.10 [2]), despite his repeated requests that the hearing be held and that he be permitted to appear pro se. The record evinces that the preliminary hearing was adjourned by Town Court at defense counsel's request pending a preindictment conference and negotiation of a plea agreement, which defendant rejected. An indictment was returned prior to the felony hearing, thereby obviating the need for a hearing and rendering defendant's right thereto moot (*see People v Frazier*, 202 AD2d 985, 985 [1994], *lv denied* 83 NY2d 910 [1994]; *People v Brown*, 184 AD2d 856, 857 [1992], *lv denied* 80 NY2d 927 [1992]; *People v Phillips*, 88 AD2d 672, 672 [1982]; *see also People ex rel. Hirschberg v Close*, 1 NY2d 258, 261 [1956]; *Matter of Angell v Ferris*, 227 AD2d 475, 476 [1996], *lv denied* 88 NY2d 816 [1996]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 180.10, at 162).

Moreover, given the existence of strategic reasons for adjourning the preliminary hearing—i.e., to permit the negotiation of a plea deal that was concededly very favorable—there is no merit to defendant's claim that he received ineffective assistance of counsel due to counsel's multiple requests for adjournment of the hearing prior to the People's decision to present the charge to a grand jury (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *cf. People v Miller*, 11 AD3d 729, 730 [2004]; *People v Martin*, 168 AD2d 794, 798 [1990]). Finally, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of

conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we conclude that the verdict is not against the weight of the evidence.

Cardona, P.J., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.