■ In the Matter of DEBRA J. DICKERSON, Respondent, v SCOTT B. KNOX, Appellant. (And Another Related Proceeding.) [932 NYS2d 586]—

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2003). In 2007, the parties stipulated to joint physical custody of the children, with sole legal custody to the mother. In November 2008, Family Court entered a default order modifying the previous custody order by awarding sole legal and physical custody of the children to the mother, with supervised visitation to the father. The father thereafter moved to vacate the default order and, by order entered in January 2010, Family Court denied the motion.

In October 2009, the mother filed a petition seeking to

relocate the children to Georgia and the father opposed her petition and cross-petitioned to modify the existing custody order, seeking primary physical custody of the children. In an order entered May 18, 2010, Family Court dismissed the father's modification petition and granted the mother's relocation petition. The father appealed both the January 2010 order and the May 2010 order. Subsequently, in May 2011, Family Court entered an order, on consent of the parties, awarding primary physical custody of the children to the father.

The father's counsel seeks to be relieved of her assignment upon the ground that there are no nonfrivolous issues to be pursued on appeal (*see Anders v California*, 386 US 738 [1967]). The two orders from which the father appeals have been rendered moot by the May 2011 consent order awarding physical custody of the children to the father (*see Matter of Alexander K. [Jennifer N.]*, 77 AD3d 1023, 1024 [2010]). Accordingly, the father's appeals must be dismissed and there is no need to consider his counsel's request to be relieved of her assignment (*see Matter of Alexander K. [Jennifer N.]*, 77 AD3d at 1024; *Matter of Chelsea M. [Ernest M.]*, 68 AD3d 1489, 1490 [2009]).

Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.