■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE FLYNN, Appellant. [939 NYS2d 166]—

Malone Jr., J.

The crux of defendant's arguments is that Moss's representation of him was not properly terminated until he personally retained Narrow and, therefore, everything that occurred between his arraignment in County Court in October 2009 and the retention of Narrow in February 2010—all of which occurred without Moss present, including his guilty plea—was done in violation of his right to counsel; thus, the court should

have granted his motion to withdraw his plea. According to defendant, Favro's representation of him did not cure his deprivation of counsel because it was "not achieved through any recognized practice" and, in any event, Favro's representation was ineffective.

By pleading guilty, defendant forfeited his right to argue that he was denied the right to counsel at the preliminary hearings (*see People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Terenzi*, 57 AD3d 1228, 1229 [2008], *lv denied* 12 NY3d 822 [2009]). To the extent that defendant claims that he was not represented by counsel at the time he entered his guilty plea, the record belies his claim. Although he contends that Moss was his attorney of record at the time of the plea proceedings, the only evidence in the record to establish that Moss ever represented defendant is a letter from the District Attorney's office notifying her of grand jury proceedings, defendant's mention of her during arraignment in County Court and defendant's mention of her in an undated pro se motion. The record contains neither a notice of appearance entered by her nor any proof that she had been assigned to defendant pursuant to County Law §§ 718 and 722 (4). However, the record does contain evidence that defendant clearly rejected Moss's purported representation and, when he could not retain counsel on his own, he expressly accepted representation by Favro, who then accompanied defendant to numerous court appearances, made appropriate motions on defendant's behalf and negotiated a favorable plea agreement, among other things. Although Favro's representation of defendant may have been achieved unconventionally, the record supports a finding that Favro did, in fact, represent defendant, and defendant's claims with respect to the effectiveness of Favro's services—none of which call into question the integrity of the plea process—were forfeited by his guilty plea (*see People v Hansen*, 95 NY2d at 230-231). Indeed, viewed as a whole, the record demonstrates that Favro provided defendant with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Garrow*, 75 AD3d 849, 852 [2010]).

As for defendant's claim that County Court abused its discretion by denying his motion to withdraw his guilty plea, we disagree. "Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; *accord People v Wilson*, 92 AD3d 981, 981, [2012]). Here, defendant made no statements inconsistent

with guilt, indicated that he understood that he was forfeiting various rights by pleading guilty and, through his attorney, acknowledged that he was waiving any potential affirmative defenses that may have been available to him (*see People v Brown,* 14 NY3d 113, 118 [2010]; *People v Moreno,* 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]).* Although defendant indicated that he was taking medication for his mental health disorder, he specifically stated that the medication did not affect his ability to understand the proceedings. In short, there is nothing on this record to indicate that defendant's guilty plea was anything but knowingly, voluntarily and intelligently entered (*see People v Wilson,* 92 AD3d at 981; *compare People v Wolcott,* 27 AD3d 774, 775 [2006]). As such, it cannot be said that County Court abused its discretion by denying defendant's motion to withdraw his plea.

Defendant's remaining contentions, including those contained in his supplemental brief, have been reviewed and found to be without merit.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant claims that Favro did not provide an adequate explanation of the affirmative defenses potentially available to him, such claim concerns matters outside the record and is more properly the subject of a CPL 440.10 motion (*see People v Underdue,* 89 AD3d 1132, 1134 [2011]; *People v Moyer,* 75 AD3d 1004, 1006 [2010]). Likewise, any claims that defendant makes with respect to whether Favro is entitled to compensation for his services are not appropriately raised in the context of this direct appeal from the judgment of conviction.