■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD K. WATSON, Also Known as REGGIE, Appellant. [963 NYS2d 600]—Spain, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 1, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of a 12-count indictment, and further waived his right to appeal orally and in a written document executed in open court. In accordance with the plea agreement, he was sentenced as a second felony offender to eight years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant contends that he received the ineffective assistance of counsel, which he is permitted to raise by the terms of his valid appeal waiver. The record does not reflect that defendant moved to withdraw his plea or vacate the judgment of conviction, however, and his claim is accordingly not preserved for our review (*see People v Williams*, 101 AD3d 1174, 1174 [2012]; *People v Haskins*, 86 AD3d 794, 796 [2011], *lv denied* 17 NY3d 903 [2011]). Within that context, defendant also asserts that a local criminal court that handled a related felony complaint lacked jurisdiction over him but, to the extent that issue survived his guilty plea and appeal waiver, any defects were rendered academic by an indictment having subsequently been handed up against him, which "superceded all prior proceedings" (*People ex rel. Van Steenburg v Wasser*, 69 AD3d 1135, 1136 [2010], *lv dismissed and denied* 14 NY3d 883 [2010]; *see People ex rel. Rosado v Napoli*, 83 AD3d 1347, 1347 [2011], *lv denied* 17 NY3d 710 [2011]; *People v Hart*, 25 AD3d 815, 816 [2006], *lv denied* 6 NY3d 834 [2006]).

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.