In the Matter of STEPHANIE PELTON, Appellant, v PETER G. CRUMMEY, as Town Justice of the Town of Colonie, et al., Respondents. [68 NYS3d 537]—

Devine, J. Appeal from a judgment of the Supreme Court (Ryba, J.), entered August 23, 2016 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Town Justice of the Town of Colonie denying petitioner's request for a preliminary hearing.

In May 2016, petitioner was arraigned in respondent Town of Colonie Justice Court on a felony complaint charging her with assault in the third degree and robbery in the second degree. Respondent Town Justice of the Town of Colonie set bail and scheduled a preliminary hearing for June 1, 2016. By June 1, petitioner had made bail, but continued to demand a preliminary hearing. The Town Justice rebuffed her demand, noting that she was no longer in custody and had refused to formally move for a preliminary hearing so that any delay would be chargeable to her for speedy trial purposes.

Petitioner then commenced the present CPLR article 78 proceeding and declaratory judgment action seeking, among other things, a declaration that she had the right to a preliminary hearing and a direction that one be conducted. Supreme Court dismissed the petition/complaint as moot since, during its pendency, an indictment was returned charging petitioner with crimes stemming from the conduct alleged in the felony complaint. Petitioner now appeals.

We affirm. A preliminary hearing assesses the strength of the evidence underlying the felony complaint and primarily exists to "determine whether there exists reasonable cause to hold a defendant in custody pending action by a [g]rand [j]ury" (*Matter of Vega v Bell*, 47 NY2d 543, 549 [1979]; *see* CPL 180.10 [2]; 180.70). It has no impact upon the work of the grand jury, which "has the power to indict regardless of whether a defendant's preliminary hearing has resulted in a dismissal, or

whether a preliminary hearing has been held at all" (*People v Phillips*, 88 AD2d 672, 672 [1982]; *see* CPL 190.55; *People ex rel. Hirschberg v Close*, 1 NY2d 258, 261 [1956]). Accordingly, when the felony complaint was superseded by the indictment handed up against petitioner (*see People v Watson*, 105 AD3d 1264, 1265 [2013]), it "obviat[ed] the need for a [preliminary] hearing and" rendered any issues regarding her entitlement to one moot (*People v Damphier*, 51 AD3d 1146, 1147 [2008], *lv denied* 11 NY3d 787 [2008]; *see* CPL 180.80 [2] [a]; *Matter of Angell v Ferris*, 227 AD2d 475, 475-476 [1996], *lv denied* 88 NY2d 816 [1996]; *People v Frazier*, 202 AD2d 985, 985 [1994], *lv denied* 83 NY2d 910 [1994]; *People v Phillips*, 88 AD2d at 672).

Petitioner argues that this case falls within the narrow exception to the mootness doctrine in that "the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (*Coleman v Daines*, 19 NY3d 1087, 1090 [2012]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Petitioner was not "in custody" following her arraignment on the felony complaint and, being "at liberty on bail," a preliminary hearing could provide her nothing more than the dismissal of the felony complaint and the exoneration of her bail for the brief period between the end of the hearing and the issuance of an indictment against her (CPL 180.70 [4]; *cf.* CPL 180.80). The outcome of the hearing would have no impact on her pretrial release status after she was indicted, as that issue would be addressed at her arraignment on the indictment (*see* CPL 210.15 [6]; 530.40). Thus, in the absence of any deprivation of petitioner's liberty, "the issue of whether [she] was denied a prompt preliminary hearing is not a significant or important question" so as to fall within the exception to the mootness doctrine (*Matter of Angell v Ferris*, 227 AD2d at 476).

We finally observe that a combined CPLR article 78 proceeding and declaratory judgment action is civil in nature (*see* CPLR 103, 105 [b], [d]; 3001, 7801) and, even in the limited circumstances where it may serve as a collateral vehicle to challenge actions taken in a criminal case, it is in no way a substitute for "[t]he right of review by appeal in criminal matters" (*Matter of State of New York v King*, 36 NY2d 59, 63 [1975]; *see* CPL art 450). Petitioner is, as a result, obliged to pay all fees required to commence and prosecute a combined civil proceeding and action (*see* CPLR 8020 [a]; 8022; *cf.* CPLR 8018 [b] [3]).

McCarthy, J.P., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.