People v Miller (2018 NY Slip Op 04394)





People v Miller


2018 NY Slip Op 04394


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

108109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL L. MILLER, Appellant.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John Thweatt of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered November 5, 2015, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
On December 24, 2014, State Police were summoned to the parking lot of the Dandy Mini Mart in the Town of Catlin, Chemung County for a report of an unresponsive individual in a parked vehicle. Upon arrival, a state trooper discovered defendant asleep behind the wheel of a pickup truck. After knocking on the truck's window, the trooper opened the driver's door, shook defendant awake and detected, among other things, the odor of an alcoholic beverage. Defendant subsequently failed a series of standard field sobriety tests and he was thereafter arrested and
charged with multiple counts of driving while intoxicated. Defendant was arraigned and subsequently waived his right to a preliminary hearing. In February 2015, defendant was indicted and charged with aggravated driving while intoxicated and two counts of felony driving while intoxicated. Defendant thereafter filed an omnibus motion seeking to, among other things, dismiss the indictment on the ground that he was denied the right to counsel when he executed his written waiver of preliminary hearing. County Court denied the motion, and defendant subsequently pleaded guilty to one count of felony driving while intoxicated. He was thereafter sentenced, in accordance with his plea agreement, to a prison term of 1 to 3 years. Defendant now appeals.
We affirm. Defendant's claims that his guilty plea was not entered knowingly, [*2]voluntarily and intelligently and that he was denied the effective assistance of counsel, impacting the voluntariness of his guilty plea, were not preserved for our review because defendant failed to make an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Evans, 159 AD3d 1226, 1227 [2018]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017])[FN1]. With regard to defendant's plea, however, we note that defendant did make a statement at sentencing that cast doubt upon his guilt and, therefore, the narrow exception to the preservation requirement was triggered imposing a duty upon County Court to conduct a further inquiry to ensure that defendant's guilty plea was knowing, intelligent and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Chin, 160 AD3d 1038, 1039 [2018]; People v Gresham, 151 AD3d 1175, 1178 [2017]). Where, as here, no further inquiry of defendant was made at sentencing, defendant may on appeal challenge the sufficiency of his plea allocution, but the validity of same will be upheld so long as the record affirmatively establishes that defendant "entered his plea understandingly and voluntarily" (People v Conceicao, 26 NY3d 375, 383-384 [2015] [internal quotation marks, brackets and citation omitted]; see People v Lopez, 71 NY2d at 666).
The record reveals that, on the morning of defendant's scheduled jury trial, a conversation ensued between County Court, the prosecutor, defendant and defendant's counsel with respect to a possible plea bargain. County Court granted defendant's request for a brief recess and, after further consultation with his attorney, defendant agreed to enter into a plea agreement whereby he would plead guilty to one count of felony driving while intoxicated in satisfaction of the indictment and receive a prison term of 1 to 3 years. During the ensuing plea colloquy, County Court advised defendant in detail of the rights that he was forfeiting by entering into the plea, including, among others, the right to a jury trial, the presumption of innocence, the right against self-incrimination, the right to confront his accusers and the right to present a defense. Defendant affirmatively indicated that he understood the rights that he was forgoing, that he had not been threatened in any manner prior to entering his plea and that he had been provided sufficient time to discuss the consequences thereof with his attorney.
Defendant then admitted that, on December 24, 2014, he had a shot of Jack Daniels and a beer at a hotel in the Town of Bath, Steuben County, then drove to the Town of Corning, Steuben County to see a friend. He purchased a bottle of vodka and a bottle of Kahlua at a liquor store, drove to an access road near the Dandy Mini Mart in Catlin, parked, drank half of the bottle of vodka and then moved his truck into the parking lot of the Dandy Mini Mart where he "passed out." Although defendant made a statement at sentencing wherein he rehashed the merits of his prior motions and argued that he was, in essence, prevented from presenting an adequate defense in order to prove his innocence, our review of the record confirms that defendant was fully aware and understood the consequences of taking a plea versus proceeding to trial. Defendant actively participated in the relevant proceedings before County Court, he was aware of the terms of the plea agreement and the sentence to be imposed, including that he was receiving less than the maximum sentence allowable by law, and he indicated that he had sufficient time to consult his attorney and, thereafter, freely elected to forgo the rights to which he was entitled and made "a knowing, voluntary and intelligent choice [to plead guilty] among alternative courses of action" (People v Conceicao, 26 NY3d at 382; see People v Smith, 155 [*3]AD3d 1244, 1245 [2017]; People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]).
Defendant's claim that he was improperly allowed to proceed pro se at the time that he entered his guilty plea is without merit (see People v Flynn, 92 AD3d 1148, 1150 [2012], lv denied 19 NY3d 996 [2012]). While on the morning of the scheduled trial defendant did request the opportunity to proceed pro se, County Court appropriately informed him that it would need to go through a "detailed colloquy" with him before it could rule on his request. Before any such inquiry or ruling could occur, plea bargain negotiations then ensued, resulting in defendant's acceptance of a plea agreement, while represented by his attorney.
Defendant's claims that his right to counsel was violated when he executed a waiver of preliminary hearing outside the presence of counsel [FN2] and that the People violated his discovery rights by failing to preserve certain surveillance video from the Dandy Mini Mart were forfeited by his guilty plea (see People v Hansen, 95 NY2d 227, 230-233 [2000]; People v Flynn, 92 AD3d at 1150 [2012]; People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009]; People v Fagan, 53 AD3d at 984; see also People v Rutigliano, 159 AD3d 1280, 1280 [2018]; People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]). Finally, given that the sentence imposed was agreed to by defendant as part of his negotiated plea, his extensive criminal history — which includes, among his 49 total criminal convictions, seven felonies and six prior convictions for driving while intoxicated — and the fact that the sentence imposed was less than the maximum allowable by law (see Penal Law § 70.00 [2] [e]), we find no abuse of discretion or extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (see People v Capone, 160 AD3d 1221, 1221 [2018]; People v Flanders, 110 AD3d 1112, 1113 [2013]).
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that the balance of defendant's ineffective assistance of counsel claim was not forfeited by his guilty plea, it relies upon matters outside the record that are more appropriately the subject of a motion to vacate pursuant to CPL article 440 (see People v White, 153 AD3d 1041, 1042 [2017]).

Footnote 2: In any event, were we to review defendant's claim, we would find it to be without merit. Defendant executed the written waiver of the preliminary hearing after consulting with a nonattorney investigator from the Public Defender's office. Assuming, without deciding, that defendant, by pleading guilty, did not forfeit his right to now challenge the waiver, and that it was ineffective because it was signed by defendant without consulting an attorney, then, in that event, defendant's right to a preliminary hearing was violated, but the remedy for this violation would have been his release from custody, not dismissal of the charges (see CPL 180.80; People v Fagan, 53 AD3d 983, 984 [2008]). Furthermore, any error in this regard was rendered harmless by the subsequent action of the grand jury in returning an indictment against defendant and his subsequent plea of guilty to one count of felony driving while intoxicated with an agreed- upon sentence of incarceration for which defendant was entitled to credit for all time served prior to his plea (see People v Wicks, 76 NY2d 128, 133 [1990]; People ex rel. Hirschberg v Close, 1 NY2d 258, 260-261 [1956]; cf. People v Wardlaw, 6 NY3d 556, 559 [2006]; People v Damphier, 51 AD3d 1146, 1147 [2008], lv denied 11 NY3d 787 [2008]; compare People v Hodge, 53 NY2d 313, 319-321 [1981]).