People v Thacker (2019 NY Slip Op 04787)





People v Thacker


2019 NY Slip Op 04787


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

109627

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ZURI AHMAD THACKER, Appellant.

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Donnial K. Hinds, Albany, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered July 12, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered December 26, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with three counts of criminal sale of a controlled substance in the third degree stemming from three separate sales of heroin on October 24, 2016. He thereafter pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of all the charges and was required to waive his right to appeal. As part of the plea agreement, County Court agreed to cap the sentence at six years in prison, followed by three years of postrelease supervision, and subsequently imposed that sentence. Defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, alleging that he had received ineffective assistance of counsel, among other things. County Court denied the motion. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.[FN1]
Initially, upon defendant's direct appeal, we find that his waiver of appeal was valid. County Court advised defendant that an appeal waiver was a condition of the plea agreement and carefully explained the waiver and the separate and distinct nature of his appellate rights from those automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; [*2]People v Martinez, 166 AD3d 1376, 1377 [2018], lv denied 32 NY3d 1207 [2019]). Defendant then executed a written appeal waiver in court, after the court ascertained that he had discussed it with counsel and that he had no questions. We find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d at 256; People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied 32 NY3d 1201, 1204 [2019]; People v Carter, 166 AD3d 1212, 1213 [2018]). Defendant is thus foreclosed from challenging the agreed-upon sentence as harsh and excessive (see People v Hall, 167 AD3d at 1166). Further, his challenge to the sufficiency of the evidence before the grand jury was waived by his guilty plea (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Brice, 146 AD3d 1152, 1154 [2017], lv denied 29 NY3d 996 [2017]).
Turning to defendant's motion to vacate the judgment, the valid appeal waiver precludes consideration of his ineffective assistance of counsel claims except to the extent that they impact upon the voluntariness of his guilty plea (see People v Dickerson, 168 AD3d 1194, 1195 [2019])[FN2]. Defendant contends that the felony complaints were defective in that they allege that he sold heroin to an undercover police officer, but thereafter state that a narcotics identification kit determined that the substance was cocaine, an inconsistency never addressed by defense counsel. The three counts in the indictment charged defendant with the sale of heroin. Assuming that these inconsistencies impacted upon the voluntariness of his guilty plea, his arguments lack merit.
Although a jurisdictional defect in an indictment survives an appeal waiver and is not subject to preservation rules (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]), this indictment was not jurisdictionally defective. "An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (People v Hansen, 95 NY2d at 231; see People v D'Angelo, 98 NY2d 733, 734-735 [2002]). Here, the grand jury was free to indict upon finding reasonable cause to believe that defendant committed the charged offenses of criminal sale of heroin, and returned a valid and sufficient indictment that cited the pertinent Penal Law sections and recited the statutory elements of the crimes (see People v Hansen, 95 NY2d at 231; see also CPL 190.65 [1])[FN3]. Consequently, defendant's claims regarding the felony complaints were rendered academic, as these instruments were superseded by the valid indictment (see People v Williams, 155 AD3d 1253, 1255 [2017], lv denied 31 NY3d 1089 [2018]; People v Watson, 105 AD3d 1264, 1265 [2013]; People v Black, 270 AD2d 563, 564 [2000]).
Counsel's failure to make motions directed at inconsistencies in the accusatory instruments had "little or no chance of success" — given the valid, superseding indictment — and, thus, did not constitute ineffective assistance (People v Carver, 27 NY3d 418, 421 [2016] [internal quotation marks and citation omitted]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Chaney, 160 AD3d 1281, 1285-1286 [2018], lv denied 31 NY3d 1146 [2018]). In any event, defendant indicated at the time of the plea allocution that he had adequate time to confer with counsel and was satisfied with counsel's representation. We further note that counsel secured a favorable plea deal that avoided potentially longer consecutive sentences, and nothing in the record casts doubt upon counsel's effectiveness (see People v Rudolph, 170 AD3d 1258, 1262 [2019]). Defendant's conclusory claims of being coerced are belied by the record, in which [*3]he represented to the court that he was not being coerced or forced to accept the plea deal (see People v Jones, 161 AD3d 1311, 1314 [2018], lv denied 31 NY3d 1118 [2018]). In view of the foregoing, defendant's CPL article 440 motion was properly denied.[FN4]
Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: Defendant also concurrently moved to dismiss the indictment pursuant to CPL 210.20, which County Court denied as untimely in a separate decision and order (see CPL 255.20). This Court denied defendant's motion for permission to appeal from that order.

Footnote 2: As defendant's ineffective assistance of counsel claims rely upon matters appearing both in the record on direct appeal and outside of the record, they present a mixed but unified claim that is properly addressed in a CPL 440.10 motion to vacate (see People v Taylor, 156 AD3d 86, 91-92 [2017], lv denied 30 NY3d 1120 [2018]). The motion papers did not specify which subsections defendant was relying upon; we find that his contentions are raised under CPL 440.10 (1) (a) and (h).

Footnote 3: Heroin and cocaine are both "narcotic" drugs (Penal Law §§ 220.00 [7]; 220.39 [1]; see Public Health Law § 3306 [I] [c] [11]; [II] [b] [4]).

Footnote 4: Defendant's claim that he was not advised of his right to testify before the grand jury was not raised in his motion to vacate. In any event, it is unsupported by the record, which does not indicate that he requested to testify; finally, even if he did, the failure to secure defendant's testimony before the grand jury would not constitute ineffective assistance of counsel (see People v Wiggins, 89 NY2d 872, 873 [1996]; People v Zayas-Torres, 143 AD3d 1176, 1177 [2016], lv denied 30 NY3d 984 [2017]; see also People v Hogan, 26 NY3d 779, 786-787 [2016]).