Matter of Tyrelle OO. v Sareese PP. (2023 NY Slip Op 01924)

Matter of Tyrelle OO. v Sareese PP.

2023 NY Slip Op 01924

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

532215 
[*1]In the Matter of Tyrelle OO., Appellant,
v
Sareese PP. et al., Respondents.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Lisa K. Miller, McGraw, for Sareese PP., respondent.
Baldwin & Bloomstein Attorneys at Law, LLC, Hillsdale (Alexander W. Bloomstein of counsel), for Columbia County Department of Social Services, respondent.
Joseph R. Williams, Albany, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Columbia County (Jonathan D. Nichols, J.), entered September 3, 2020, which, in a proceeding pursuant to Family Ct Act article 6, granted a motion by respondent Columbia County Department of Social Services to dismiss the petition.
Petitioner (hereinafter the father) is a resident of Virginia who has two children in common with respondent Sareese PP. (hereinafter the mother), the eldest of which was born in 2018 (hereinafter the subject child). The mother also has a daughter (born in 2011) who views the father as a parental figure but is not biologically related to him. In June 2020, the parents' younger child died in his crib. Respondent Columbia County Department of Social Services (hereinafter DSS) removed the subject child and the daughter from the mother's care on a temporary basis and, on June 26, 2020, filed a neglect petition against her.
Less than a week later, the father commenced the present proceeding to obtain custody of the subject child and the daughter. At a subsequent court appearance, DSS moved to dismiss the father's petition upon the ground that he had not alleged compliance with the Interstate Compact on the Placement of Children (see Social Services Law § 374-a [hereinafter ICPC]) as required. The father responded that he was continuing to seek an immediate temporary award of custody with regard to the subject child because, regardless of the ICPC, he was "the biological father" and had "superior rights to any nonparent." Family Court, relying upon case law holding that the ICPC applied when an out-of-state parent sought custody of a child and therefore barred a custody award to the father "absent approval from the relevant [Virginia] authority," granted the motion of DSS and dismissed the custody petition without prejudice (Matter of D.L. v S.B., 183 AD3d 565, 566 [2d Dept 2020], revd 39 NY3d 81 [2022]; see generally Matter of Dawn N. v Schenectady County Dept. of Social Servs., 152 AD3d 135, 140-141 [3d Dept 2017], lv denied 30 NY3d 902 [2017]). The father appeals, arguing that his petition should not have been dismissed with regard to the subject child because the ICPC does not apply in situations where a biological parent seeks custody of his or her child.
Following the issuance of the appealed-from order, an ICPC investigation resulted in the father being approved as a custodian for the subject child, after which he filed a second custody petition seeking custody of the subject child. Family Court issued an order in October 2020 that awarded temporary custody of the subject child to the father, and we take judicial notice that a consent order was issued in April 2022 that made a final award of custody to him. These developments render the present appeal moot (see Matter of Dickerson v Knox, 89 AD3d 1290, 1291 [3d Dept 2011]). As the father's arguments were addressed in a recent decision from the Court of Appeals holding "that the ICPC does not apply to out-of-state noncustodial [*2]parents seeking custody of their children," this appeal does not present a substantial and novel question that could potentially implicate the narrow exception to the mootness doctrine (Matter of D.L. v S.B., 39 NY3d 81, 91 [2022]). Thus, the appeal is dismissed (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Pelton v Crummey, 156 AD3d 1305, 1306 [3d Dept 2017]; Matter of Daily News v Teresi, 275 AD2d 812, 814 [3d Dept 2000]).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.