People v Polanco (2024 NY Slip Op 24037)

[*1]

People v Polanco

2024 NY Slip Op 24037

Decided on February 9, 2024

City Court Of Cohoes, Albany County

Galarneau, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 9, 2024
City Court of Cohoes, Albany County

The People of the State of New York

against
Alexander Polanco, Defendant.

CR No. 114-24

HON. P. DAVID SOARES, Albany County District Attorney
(Jacob Sheingold, Esq., of Counsel)
HON. STEPHEN W. HERRICK, Albany County Public Defender
(Ryan Larose and Kelly Vidur, Esq., of Counsel)

Eric M. Galarneau, J.

In 2019, the New York State Legislature passed "bail reform", limiting the crimes for which bail could be set to a select category of "qualifying offenses". (See CPL §510.10[4]). For the most part, the overhaul was comprehensive and exhaustive, and included conforming amendments throughout the Criminal Procedure Law designed to ease implementation of the reforms (see, e.g., CPL §150.20 (appearance tickets)). An exception is the procedure for disposing of felony complaints following a preliminary hearing. (See CPL §180.70). That remained intact a court is still required to "hold" a defendant for action of the grand jury if the People establish reasonable cause to believe that a felony was committed. (See CPL §180.70[1]). But what happens if that felony is not a qualifying offense for purposes of pre-trial detention? Can a court still order a defendant to be held in jail? As it turns out, the answer [*2]depends on what the word "held" means in the context of the 2019 reforms.[FN1]

On January 30, 2024, the defendant was arraigned on several charges, including, as pertinent here, Criminal Possession of a Weapon in the Second Degree (Penal Law (PL) §265.03[3]) and Criminal Possession of a Controlled Substance in the Third and Fourth Degrees (PL §220.16[1] and 220.09[1]). Because the weapons charge was a "qualifying offense" —it made the defendant eligible for bail or remand (see CPL §510.20[4][a]) the Court committed the defendant to the custody of the sheriff pending a preliminary hearing. At the hearing, the People proved up the drug charges but failed to meet their burden on the weapon charge. The defense immediately asked for a dismissal of the weapon charge and for an order releasing the defendant on the drug charges, as the drug counts did not, under the circumstances, qualify for bail or remand. (See CPL §510.20[4]).[FN2]
The Court agreed and released the defendant with an electronic monitor.
The People objected. They reasoned that, in order to hold a defendant "for action of the grand jury", they were only required to prove that the defendant committed "a felony". In a sense, the People are correct. CPL §180.70(1) provides that if "there is reasonable cause to believe that the defendant committed a felony, the court must order that the defendant be held for action of the grand jury". So, the People are right —if they prove that a defendant committed a felony, the court must order the defendant "held" for action of the grand jury.
But what does "held" mean? The People insist that it admits of only one conclusion —a defendant must stay in jail pending grand jury action. However, the People read the phrase without regard to the impact of bail reform. True, "being held" has seemingly always meant detention pursuant to a securing order. Yet that does not make "being held" synonymous with jail. In fact, Article 180 of the Criminal Procedure Law does not define the phrase "held for action of the grand jury", and, when it is mentioned, it is usually without reference to securing orders or jail. (See CPL §180.10(1) (being held for action of the grand jury described, without elaboration, as the "primary purpose" of the "proceedings upon a felony complaint", which is to determine whether there the defendant "is to be held" for action of the grand jury); CPL §180.10[2](describing defendant's right to challenge whether there is "sufficient evidence to warrant the court in holding him for the action of the grand jury"). By the same token, CPL §180.10(6), which alludes to securing orders, resists the impulse to equate "being held for action of the grand jury" exclusively with a defendant who is in jail.
There is probably sound reason for that. When the Criminal Procedure Law was first enacted, it was obvious that to "hold" a defendant meant to jail them, so the Legislature would have had no reason to spell it out. But that was prior to bail reform, at a time when a court had only two choices when it came to securing orders: release on recognizance or remand to the [*3]sheriff with or without bail.[FN3]
There was no option to release a defendant with lesser restrictions at least not statutorily, although courts could, and often did, improvise various species of conditional release. Regardless, prior to 2020, "held for action of the grant jury" could, by statute, only mean sending a defendant to jail.
That changed with the 2020 reforms. The reforms narrowed the category of offenses eligible for bail but expanded the options for conditional release, including securing orders that entailed the imposition of "non-monetary conditions", such as electronic monitoring. Further, in recognition of the profound restrictions inherent in some forms of conditional release, the Legislature explicitly required preliminary hearings for defendants released on electronic monitors. (See CPL §510.40[4][d]). The upshot is that the phrase "held for action of the grand jury" —which had previously meant defendants in jail —now includes those who were released with electronic monitors, which embraces all felonies, whether bail eligible or not (see CPL §500.10[21]). Bail reform thus gives the person released to electronic monitoring the same right to a preliminary hearing as the detainee stuck in jail. For resolution of the issues presented in this case, that means that both are considered "held". It also means that to be "held" does not necessarily mean being detained in jail, as the People contend.
The enlargement of what it means to be "held" in custody refocuses the dilemma posed at the outset of this decision —namely, how are felony preliminary hearings to be resolved in light of the 2019 bail amendments? Specifically, may a court order a defendant "held" in jail pending grand jury action irrespective of whether the offense qualified for bail or remand, or must it abide the categories of bail-eligible offenses set forth in CPL §510.20(4)? The answer appears to be the latter. If so, that means that, when conducting a preliminary hearing, a court cannot simply determine that the defendant committed a felony and dispatch him or her to the custody of the sheriff accordingly. It must now conduct a two-part inquiry. First, it must decide whether the defendant committed a felony. If the answer is no, then the court must release the defendant on his or her own recognizance (ROR) and dismiss the charge, as had been the case before bail reform. (See CPL §180.70[4]). On the other hand, if the court determines that the defendant committed a felony, then the court must order the defendant "held for action of the grand jury". (CPL §180.70[1]).
That does not end the matter, however. The second part of the inquiry requires effectuating "held for action of the grand jury" in the context of the bail-eligibility of the felony that was proven. If the felony qualifies for bail or remand, then the court must, as under pre-bail reform law, commit the defendant to the sheriff. (CPL §180.710[1]). If, however, the felony offense does not qualify for bail, then the court must fix an appropriate non-carceral securing order, such as electronic monitoring, ROR, or release on conditions. [FN4]

What a court cannot do is what the People urge in this case order the defendant to remain in jail on a charge for which pre-trial detention was not authorized in the first place. That is not meant to disparage the People's position. After all, the plain wording of CPL §180.70 seems to suggest that, in determining whether a defendant should be "held for action of the grand jury", any felony will do. The flaw in the People's argument is that bail or remand eligibility remains the province of Title P of the Criminal Procedure Law (i.e., CPL Article 510, 520 and 530), as most courts have conceded (but see People v. Johnston, 67 Misc 3d 267 [Cohoes City Ct. 2020]).[FN5]
Further, while felony hearings are designed as a check on the authority to keep a defendant in jail pending grand jury action (see Pelton v. Crummey, 156 AD3d 1305, 1306 [3d Dep't. 2017], they do not supplant Title P as the sole arbiter of bail eligible offenses. In other words, the outcome of a preliminary hearing cannot transmute a charge that does not qualify for pre-trial detention into a charge that does. As such, where, as here, the only charge proven at a preliminary hearing is a "non-qualifying" offense, a court cannot simply commit the defendant to the sheriff's custody, blithely ignoring the fact that the felony proven at the hearing was not eligible for remand or bail. Rather, it must "hold" the defendant in light of the bail statutes, which means that, for "non-qualifying" offenses, the court must either release the defendant on recognizance or conditions, or require the defendant to wear an electronic monitor (see CPL §500.10[21]). 
Once the impact of bail reform is acknowledged, the resolution of this case becomes academic. Here, the People failed to prove the qualifying offense (the gun charge) but satisfied their burden with respect to the non-qualifying offense (the drug charges). Therefore, the gun charge must be dismissed (see CPL §180.70[4]). On the drug charge, however, the defendant is ordered held for action of the grand jury. Further, given that the drug felonies do not qualify for bail or remand, the Court cannot permit the defendant to remain in jail but may, under the circumstances, order the defendant to be released with an electronic monitor. Given the defendant's criminal history and the nature of the offenses as set forth during these proceedings, the Court has determined that electronic monitoring is appropriate. That was, and remains, the order of the Court.
Dated: February 9, 2024
Cohoes, New York
Eric M. Galarneau
Cohoes City Court Judge

Footnotes

Footnote 1:The Court could not find any reported decision squarely addressing the topic. Further, while this Court raised the issue in People v. Connon (70 Misc 3d 608 [Cohoes City Ct 2020]), it did not resolve it because the issue did not factor in the Court's decision.
Footnote 2:Qualifying offenses are offenses that are eligible for bail or remand. For ease of reference, the Court will refer to the offenses as "bail" eligible.

Footnote 3:Prior to the 2019 amendments, CPL §510.10 provided that:
"When a principal. whose future court appearance at a criminal action or proceeding is or may be required, initially comes under control of a court, such court must, by a securing order, either release him on his own recognizance, fix bail, or commit him to the custody of the sheriff".
Footnote 4:The residual jurisdiction provided under CPL §180.70(1) would appear to permit this. Specifically, it provides:

1. If there is reasonable cause to believe that the defendant committed a felony, the court must, except as provided in subdivision three, order that the defendant be held for the action of a grand jury of the appropriate superior court, and it must promptly transmit to such superior court the order, the felony complaint, the supporting depositions and all other pertinent documents. Until such papers are received by the superior court, the action is deemed to be still pending in the local criminal court. 
(NY Crim. Proc. Law § 180.70 (McKinney)(emphasis supplied))
Thus, until the papers are received by superior court, the action remains pending in local court, thereby affording jurisdiction to issue a post-felony hearing securing order.
Footnote 5:This decision rests on an interpretation of CPL §180.70, not the bail statutes. Further, no party has challenged the constitutionality of the bail statutes; therefore, the Court will not address it here.